UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER CHARD,

        Plaintiff,

v.                                                  Case No:  2:21-cv-285-JLB-NPM

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____

## **ORDER**

The Commissioner of Social Security has filed an Unopposed Motion for Entry of Judgment with Remand.   (Doc. 25.)   The Commissioner requests remand under sentence four of 42 U.S.C. § 405(g) for the following reasons:

> The Commissioner requests remand to give further consideration to the opinion evidence; if necessary, obtain evidence from a medical expert related to the nature and severity of and functional limitations resulting from the claimant's physical impairments; give further consideration to the claimant's maximum residual functional capacity; give further consideration to whether the claimant has past relevant work, and if so, can perform it; if warranted, obtain vocational evidence to assist in evaluating whether the claimant can perform past relevant work; offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record; and issue a new decision.

(Id. at 1.)   The Commissioner also represents that Plaintiff does not object to the motion.   (Id.)

Pursuant to sentence four of section 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming,

modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). When a case is remanded under sentence four of section 405(g), the district court's jurisdiction over the plaintiff's case is terminated. <u>Jackson v. Chater</u>, 99 F.3d 1086, 1095 (11th Cir. 1996). "Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." <u>Shalala v. Schaefer</u>, 509 U.S. 292, 297 (1993). A remand under sentence four of section 405(g) "is based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits." <u>Jackson</u>, 99 F.3d at 1095. Here, the Commissioner concedes error by requesting a reversal of the Commissioner's decision.

Accordingly, it is **ORDERED**:

1. The Commissioner's Unopposed Motion for Entry of Judgment with Remand (Doc. 25) is **GRANTED**.

2. The Commissioner's decision is **REVERSED**, and this case is **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

3. If Plaintiff prevails in this case on remand, Plaintiff is **DIRECTED** to comply with the December 7, 2021 order (Doc. 43) in Miscellaneous Case No. 3:21-mc-1-TJC.

4.     The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the file.

**ORDERED** at Fort Myers, Florida, on February 2, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE